UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| EBBESKOV JANKOVIC, LLC, d/b/a iUSE PHOTOGRAPHY, a Florida Limited Liability Company,<br><br>  Plaintiff,<br><br>v.<br><br>LIV DAGMAR JOHANSEN, an individual; LARS SACKSEN, an individual; and LIVNESS, INC., d/b/a LIV VISUALS, a California Company,<br><br>  Defendants. | CASE NO.: 0:21-cv-62410-AHS<br><br><br>**DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT AND FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927** |

Defendants, LIV DAGMAR JOHANSEN, an individual ("Johansen"), and LIVNESS, INC., d/b/a LIV VISUALS, a California Company ("Livness" and, with Johansen, "Defendants"), by and through the undersigned, and pursuant to Federal Rules of Civil Procedure 12(b)(6), hereby files this Motion to Dismiss the First Amended Complaint, [Dkt. No. 26], filed by Plaintiff, EBBESKOV JANKOVIC, LLC, d/b/a iUSE PHOTOGRAPHY, a Florida Limited Liability Company ("Plaintiff"), and for Sanctions Pursuant to 28 U.S.C. §1927, and, in support thereof, states as follows:

I. **INTRODUCTION**

Plaintiff instituted this action on November 29, 2021 against Johansen, *individually*, and against her company, Livness. [Dkt. No. 1]. The Complaint, however, was riddled with facial defects and Defendants thus filed a Motion to Dismiss. [Dkt. No. 18]. Amongst other issues, said Motion to Dismiss attacked (i) the shotgun-styled nature of the initial Complaint, (ii) the failure of Plaintiff to allege all elements of its alleged breach of a restrictive covenant, (iii) the improperness of suing Johansen in her individual capacity when she only signed the contract at issue as a corporate officer, (iv) the illegality of Plaintiff's pursuit of a so-called liquidated damages remedy

1 | P a g e

as a "penalty" against Defendants, and (v) the deficient nature of the pled claim for injunctive relief. *Id*. In response to the Motion to Dismiss, Plaintiff acknowledged the inappropriateness of its pursuit for liquidated damages and injunctive relief, and independently withdrew those claims. *See, e.g.,* [Dkt. No. 20, at 9 wherein Plaintiff states that it "Agrees to Withdraw Its Request for Liquidated Damages"]; *see also* [Dkt. No. 20, at 10, wherein it states "Plaintiff agrees to dismiss its claim for Injunctive Relief"]. This Court thereafter dismissed the remaining counts finding Plaintiff (i) employed impermissible shotgun pleading, (ii) failed to plead all required elements of a breach of restrictive covenant, and (iii) improperly sued Johansen in her individual capacity. [Dkt. No. 25]. Plaintiff thereafter filed an amended complaint, and this Motion to Dismiss follows.

As explored in detail below, not only does the Amended Complaint suffer many of the same fatal defects as the first, but, worse, Plaintiff has now boldly, and in bad faith, pled frivolous claims of fraud and unjust enrichment against Johansen in her individual capacity, and similarly frivolous claims against Johansen's husband, Lars Sacksen. The frivolity and pure tactical nature of all such claims is clear. For example, although Plaintiff has inserted Mr. Sacksen into this lawsuit, Plaintiff has, *to date*, done <u>nothing</u> to have summons issued or served. And, as for the fraud count against Johansen, the "fraud" alleged by Plaintiff relates to a supposed promise made by Johansen that she and her company – Livness -- would pay the liquidated damage "penalty" in the event of a breach of the underlying contract. Plaintiff amazingly asserts this alleged "promise" constitutes fraud even after the liquidated damage pursuit was withdrawn due to its illegality. In other words, Plaintiff is trying to get through the back door that which the law did not permit to enter through the front. Such frivolity and bad faith should not be tolerated, and Plaintiff should be sanctioned for such egregious pleading practice.

For the foregoing reasons, and all those that follow, Defendants respectfully request that this Court dismiss the Amended Complaint with prejudice, and impose sanctions against Plaintiffs for injecting frivolous claims into these proceedings.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint for failure to state a claim upon which relief can be granted.  *See* FED. R. CIV. P. 12(b)(6).  The United States Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and in its subsequent decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 17 L.Ed.2d 1868 (2009), altered the manner in which courts are to analyze a Rule 12(b)(6) motion to dismiss. Under the now-settled standard, a claim must have facial plausibility, which is realized "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The mere possibility that the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id*. The "complaint must include '[f]actual allegations [adequate] to raise a right to relief above the speculative level.'" *Financial Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (*quoting Twombly*, 550 U.S. at 570, 127 S. Ct. at 1964-65 (2007)). "The well-pled allegations must nudge the claim 'across the line from conceivable to plausible.'" *Id*. (*citing Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). Importantly, "[c]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *American Dental Association v. CIGNA Corporation*, 605 F.3d 1283, 1291 (11th Cir. 2010); *see also Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). These types of allegations are not to be considered when the court is determining whether the factual allegations of the complaint are enough to state a plausible claim.  *See Iqbal*, 129 S. Ct at 1950.

Based on the foregoing principles, courts should adopt the following "two-pronged approach" in adjudicated motions to dismiss: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. Importantly, as the Supreme Court stated in *Twombly* and subsequently in *Iqbal*, courts may infer from the factual allegations in the complaint "obvious alternative explanation[s]," which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer. *Id*. at 1951- 52 (*quoting Twombly*, 550 U.S. at 567, 127 S.Ct. at 1972). Against his backdrop, and as more fully explained below, Defendants respectfully request dismissal of the Amended Complaint.

## MEMORANDUM OF LAW

### III.   PLAINTIFF'S FRIVOLOUS CLAIM OF FRAUD AGAINST JOHANSEN IS NOTHING MORE THAN ITS EFFORT TO REPACKAGE ITS ILLEGAL AND UNTENABLE CLAIM FOR LIQUIDATED DAMAGES, AND MUST THEREFORE BE DISMISSED WITH PREJUDICE

Arguably the most egregious and frivolous aspect of Plaintiff's Amended Complaint is its pleading of a claim of fraud against Johansen in her individual capacity. Such pleading only came **after** Plaintiff withdrew its $250,000 liquidated damages claim, and only **after** Johansen was dismissed individually from this lawsuit. Stated differently, despite acknowledging that it has no right to pursue its claim of $250,000 in liquidated damages, and despite Johansen being individually dismissed from this case, Plaintiff has now sought to circumvent settled law and continue to leverage Johansen by conjuring up a frivolous claim against her at this stage. Such an effort must not be tolerated.

As noted above, when faced with a motion to dismiss its claim for liquidated damages, Plaintiff withdrew such claim from this lawsuit. *See, e.g.,* [Dkt. No. 20, at 9 wherein Plaintiff states that it "Agrees to Withdraw Its Request for Liquidated Damages"]. Such an about-face withdrawal

of the claim was upsetting (as Defendants were forced to incur unnecessary expenses to brief the issue to this Court despite the prefiling meet and confer efforts of the undersigned), but such was not entirely surprising as Florida law is unequivocal on this topic. *See, e.g., Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347, 1350 (11th Cir. 2000) (discussing Florida law, and noting that "liquidated damages are inappropriate when they serve only to punish the breaching party.").

To be clear, Florida law indisputably prohibits the enforcement of so-called "liquidated damage clauses" that are intended to serve as a penalty, rather than as reasonable compensation to redress an alleged breach. Indeed, the law requires that "the sum stipulated to be forfeited must not be so grossly disproportionate to any damages that might reasonably be expected to follow from a breach as to show that the parties could have intended only to induce full performance, rather than to liquidate their damages." *Goldblatt v. C.P. Motion, Inc.*, 77 So.3d 798, 800 (Fla. 3d DCA 2011); *see also Resnick*, 227 F.3d at 1350 (same). This requirement is meant to ensure that the liquidated provision does not seek to penalize a party in the event of breach.

Application of the foregoing settled law required dismissal of Plaintiff's liquidated damages claim, and thus prompted Plaintiff's withdrawal of it from this suit. Indeed, in this instance, the inquiry was rather simple as the express verbiage in the contract deliberately and unequivocally refers to the liquidated damages *on three separate occasions* as a **penalty** to be assessed as a consequence of a breach. Specifically, the clause unambiguously provides that the stated liquidated amount is intended to operate as a consequential "**penalty**" in the event of a breach:

> 5.4… Any breach of this condition will result in the [breaching party] paying an **agreed upon penalty** of US Dollars 250,000 to use IUSE photography for each such breach. Payment of the **agreed penalty** does not legalize the breach. Apart from the **agreed penalty**, the [breaching party] is further obligated to pay compensation to IUSE photography in accordance with Florida law.

(Compl. at ¶5, *citing* Subcontractor Agreement §5.4) (emphasis added). This recitation alone voids the provision as a matter of Florida law. *See Circuitronix, LLC v. Shenzhen Kinwong Electronic Co., Ltd.*, 2019 WL 12036283, *6 (S.D. Fla. Feb. 8, 2019) ("Florida law prohibits liquidated damages provisions that serve only as a penalty for breach."). Even then, however, the so-called liquidated damages clause was independently illegal and unenforceable as it afforded Plaintiff the supposed ability to seek liquidated damages *in addition to* other monetary "compensation…in accordance with Florida law." *See Baron*, 573 So.2d at 330 (holding that a liquidated damages clause that provides the ability to seek liquidated damages or actual damages "constituted a penalty as a matter of law because the existence of the option negated the intent to liquidate damages."). For all of the foregoing reasons, Plaintiff's claim premised on the improper pursuit of liquidated damages was ripe for dismissal, and Plaintiff thus withdrew it from this litigation.

Remarkably, however, despite its withdrawal of the illegal liquidated damages claim, Plaintiff now seeks to recover **<u>the exact same illegal remedy</u>** under a claim of fraud in the inducement. Specifically, Plaintiff now alleges that Johansen fraudulently told Plaintiff that "she would pay [Plaintiff] $250,000.00 as a consequence for any breach…" and that Johansen "knew or should have know the representation was false." [Dkt. No. 26, at 16]. Plaintiff thus accuses Johansen of stipulating to the *illegal* liquidated damages clause in the underlying contract while knowing of its unenforceable nature, and is attempting to sue her for fraud as a result. Setting aside the absurdity of such a proposition, the previously cited jurisprudence makes irrefutably clear that a pursuit of liquidated damages as a "consequence" (*i.e.*, a penalty) for any breach is simply unenforceable, even if the parties may have stipulated to the "penalty." *See Goldblatt*, 77 So.3d at 800 ("The mere fact that the [parties] stipulated to an otherwise unenforceable liquidated damages

clause does not automatically render the clause enforceable."). Plaintiff's pursuit of such a claim in the face of such settled jurisprudence is vexatious and unwarranted.

The frivolity and bad faith nature of this repackaged failed liquidated damages claim into a fraud claim is even further buttressed by Florida law dictating that litigants are not permitted to sue for fraud where the underlying claim was borne from an unenforceable contractual commitment. *See, e.g., Pelletier v. Stuart-James Co., Inc.*, 863 F.2d 1550, 1555–56 (11th Cir. 1989) ("appellant's theory based on a fraudulent refusal to perform a contract…must fail because the alleged agreement is unenforceable as a matter of law. Where a contract is unenforceable, an action for damages cannot be maintained on the ground of fraud in refusing to perform the contract, even though the promisor at the time of making the oral contract may have had no intention of performing it.") (citing *Canell v. Arcola Hous. Corp.*, 65 So. 2d 849, 851 (Fla. 1953) (holding action for fraud cannot be maintained since it was "simply an attempt in an indirect manner to obtain damages for breach of the contract."); *Topp, Inc. v. Uniden Am. Corp.*, 483 F. Supp. 2d 1187 (S.D. Fla. 2007) (claim for fraud could not be maintained where there was no enforceable oral agreement between the parties); *Perfumerias Unidas, S.A. v. Coty Prestige Travel Retail & Exp., LLC*, 06-CIV-23116, 2007 WL 9709776, at *9 (S.D. Fla. Aug. 7, 2007) (explaining that in *Topp*, the court held that an alleged oral contract was unenforceable under statute of frauds and that "recasting an unenforceable breach of contract claim as a fraud claim was not allowed;" and concluding the plaintiff "is merely repackaging its unenforceable oral contract claim as a fraud claim"); *Dixon v. Countrywide Fin. Corp.*, 664 F. Supp. 2d 1304, 1309–10 (S.D. Fla. 2009) ("the Court concludes that Plaintiff's claims for violation of FDUTPA, negligent misrepresentation and fraud and deceit, being premised upon the same conduct and representation as the barred breach of contract claim, are likewise barred by the banking statute of frauds and must be dismissed.").

For all of the foregoing reasons, Defendants respectfully submit that the claim against Johansen for fraud must be dismissed with prejudice. Further, inasmuch as Plaintiff (and its counsel) knew or should have known of the frivolity of this repackaged claim, Defendants further request that this Court should sanction Plaintiff to deter any such similar conduct in the future.[1]

IV. **PLAINTIFF'S UNJUST ENRICHMENT CLAIM MUST BE DISMISSED AS IT SEEKS TO IMPROPERLY IMPOSE PERSONAL LIABILITY ON A CORPORATE OFFICER, AND BECAUSE AN EXPRESS CONTRACT EXISTS CONCERNING THE SAME SUBJECT MATTER**

Plaintiff continues its contemptuous bad faith attempt to get in through the back door that which it could not get through the front when it further seeks to hold Johansen *personally liable* for unjust enrichment. Such an additional improper attempt to circumvent Florida law also comes **after** this Court's May 6, 2022 Order rejecting Plaintiff's initial attempt to hold Johansen personally liable under its breach of contract theory. Absent facts not present or pleaded here, a corporate officer cannot be held individually liable on a contract unless s/he signed in an individual capacity. This Court thus found that Johansen could not be personally liable for a breach of the underlying agreement since it was signed by her *on behalf of her corporate entity*. *See* [Dkt. 25 at 6, dismissing claim for personal liability against Johansen because "[i]t is clear, when viewing the agreement alone, that Johansen executed it in her corporate and not individual capacity for the reasons Defendant explains above."]. This same reality should preclude Plaintiff's back-door attempt to hold Johansen personally liable on an alternative unjust enrichment claim. Indeed, Florida's Fourth District Court of Appeal rejected a similar attempt by a plaintiff in *Fulton v. Brancato*, 189 So. 3d 967, 969–70 (Fla. 4th DCA 2016), wherein the plaintiff sought to hold a

---

[1] Inasmuch as the alleged "promise" by Johansen to pay the illegal penalty was not set forth in the underlying agreement, the fraud count (even if proper) would fail on this additional independent basis. *See also Eclipse Medical, Inc. v. American Hydro-Surgical Instruments, Inc.*, 262 F.Supp.2d 1334, 1342 (S.D. Fla. 1999) (quoting *Barnes v. Burger King Corp.*, 932 F.Supp. 1420, 1428 (S.D.Fla.1996)("fraudulent inducement claims will fail even where the subsequent contract simply says nothing about the allegedly false promise. The *Barnes* court held that 'it is a basic tenet of contract law that reliance on representations by a contracting party in a suit based on the contract is unreasonable where the representations are not contained in the subsequent written agreement between the parties.'").

corporate officer *personally* liable under an unjust enrichment theory that stemmed from an alleged breach of an express agreement the plaintiff maintained with the individual defendant's corporate entity. Rejecting a claim of unjust enrichment under such scenario, the Fourth District noted the "main body of corporate law is to the effect that directors, officers and stockholders are not liable for corporate acts simply by reason of their official relation to the corporation." *Id*. at 969-70. The same holds true *sub judicie* and, as a result, Plaintiff's newly minted claim of unjust enrichment must be dismissed with prejudice. Plaintiff should not be able to impose personal liability on Johansen for what amounts to corporate activity.

As an aside, even if this well-established jurisprudence and the Court's prior finding were somehow overlooked, Plaintiff's claim for unjust enrichment against Johansen would still fail for the related but independent reason that a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter. *See, e.g., Kirchner v. Ocwen Loan Servicing, LLC*, 257 F. Supp. 3d 1314, 1324 (S.D. Fla. 2017). Nonetheless, Plaintiff has clearly attempted an end-around to this fundamental rule by making a claim for unjust enrichment against *an individual member* (Johansen) of the party to the underlying Agreement (Livness, Inc.), stemming from an alleged breach of the underlying Agreement itself.

Plaintiff's effort to bend the law to its liking should fail, as, under the factual circumstances herein, the prohibition against unjust enrichment claims in the face of an express agreement on the same subject matter applies not only to the parties to the agreement, but also to their privies. *See Fulton*, 189 So.3d at 969-70 (holding trial court should not have allowed unjust enrichment claim against an individual defendant and her agency where an express agreement between the defendant's agency and the buyers' agency existed); *see also, e.g., Roedler v. Dept. of Energy*, 255 F.3d 1347, 1354-55 (Fed. Cir. 2001) ("The district court correctly held that the existence of an

express contract between the United States and Northern States Power, establishing their mutual obligations with respect to the fees at issue, negates the existence of an implied-in-fact contract between the United States and the utility's customers on the same subject matter."); *Vitale v. Steinberg*, 764 N.Y.S.2d 236, 239 (N.Y. App. Div. 2003) ("the existence of the plan agreement, an express contract governing the subject matter of plaintiff's claims, also bars the unjust enrichment cause of action as against the individual defendants, notwithstanding the fact that they were not signatories to that agreement"); *Morales v. Dalworth Oil Co.*, 698 S.W.2d 772, 775 (Tex. App. 1985) ("[t]here could be no implied contract between appellant and appellee as the subject matter of the alleged implied contract was covered by a valid express contract between appellee and the other defendants"); *G & S Bus. Servs., Inc. v. Fast Fare, Inc.*, 380 S.E.2d 792, 795 (N.C. App. 1989) ("where there is a contract between two parties to furnish goods and services for the benefit of a third, the third party is not liable on an implied contract or under *quantum meruit* for those goods and services.").

Indeed, as this Court has already determined, Plaintiff's proposed pleading would allow it to circumvent the express contract and plead a claim against the individual members of Defendant Livness, Inc. on a quasi-contractual basis. Allowing this claim to proceed would negate the express agreement and run afoul of the well-established principle that a court cannot imply a contract when an express one exists. *Kirchner*, 257 F. Supp. 3d at 1342. This is particularly true here, where the damages claimed under the quasi-contract and breach of contract are **identical**. *See Fulton*, 189 So. 3d at 969-70 (agreeing that personal liability could not exist because no evidence of a personal benefit beyond that allegedly received by the corporate entity). Adoption of Plaintiff's position would make every corporately related individual potentially liable for contractual breaches committed by the organization of which the individual is a mere member. It is respectfully

submitted that such a proposition would erode the liability protections afforded by company or corporate ownership and upend the established law regarding same. As such, Defendants submit that the Court should not embrace such an absurd result, and the claim for unjust enrichment should be dismissed with prejudice.

### V. PLAINTIFF'S AMENDED COMPLAINT STILL FOLLOWS AN IMPERMISSIBLE SHOTGUN-STYLED PLEADING APPROACH AND MUST BE DISMISSED

One of the primary deficiencies in Plaintiff's original pleading was the shotgun-styled approach it took to assert its claims and allegations against Defendants. As a result, Defendants sought dismissal based on the lack of clarity of the pleading. This Court agreed, dismissed the Complaint, and demanded clarity should an amendment be filed. Although Plaintiff has amended its Complaint, the confusing and shotgun-styled nature of the pleading continues to persist.

As alluded to previously, Rules 8(a) and 10(b), together, establish the pleading standards to which a complaint must adhere. *Morrison v. Morgan Stanley Properties*, 2008 WL 149975, *3 (S.D. Fla. Jan. 14, 2008)(Rules "8(a) and 10(b) establish the necessary form to which a complaint must adhere."). Rule 8(a) requires, *in pertinent part*, that a pleading set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To satisfy this minimum pleading threshold, complimentary Rule 10(b) requires that a party "state its claims or defenses in numbered paragraphs, **each limited as far as practicable to a single set of circumstances**…." (emphasis added). In other words, Rules 8(a) and 10(b) work in tandem to avoid improper shotgun style pleading where plaintiffs either "comingle[] allegations by incorporating all claims and allegations into the others," or where plaintiffs "fail[] to separate allegations and facts into distinct, separate paragraphs." *Warner v. CBRE, Inc.*, 2013 WL 12084301, *3 (S.D. Fla. Dec. 11, 2013).

Reminiscent of the original complaint, a review of Plaintiff's Amended Complaint demonstrates that it falls woefully short of meeting the threshold pleading requirements of Rules 8 and 10, and, worse, that it resembles a shotgun-style pleading in several material respects. For example, although numbering is used to separate paragraphs, many of Plaintiff's numbered paragraphs still include a hodgepodge of allegations jammed into the same paragraph, thus making it difficult for Defendants to respond. *See, e.g.,* [Dkt. No. 1, at ¶¶ 8, 13, 14, 20, 48]. The most egregious example of this improper pleading is found in paragraph numbers 13 and 48, where Plaintiff provides pages worth of a collection of excerpts from the contract at issue, and its appendices, including cut/pasted excerpts of clauses entitled, (i) "Non-Solicitation of Customers"; (ii) "Non-Solicitation of Employees/Contractors"; (iii) "NON-Compete Agreement – Settling Up / Establishment of Competing Business"; (iv) "Section 7 – Confidentiality"; (v) "Confidentiality"; (vi) the definition of "Information"; and (vii) "Article 2: Recipients and obligations" where subsection 2.1 is cut/pasted into the Complaint. [Dkt. No. 26, at 4-6, 13-15]. Plaintiff's literal cut and pasting of these **distinct clauses** and sections of the agreement (and its appendices) into a **SINGLE paragraph** is tantamount to an impermissible shotgun-style pleading approach. For this reason alone, the Complaint should be dismissed. *Warner*, 2013 WL 12084301, *3 (a second amended complaint was dismissed as it was "riddled with multiple allegations per paragraph, making the filing a responsive answer virtually impossible.")

VI. **PLAINTIFF'S BREACH OF CONTRACT COUNT FAILS TO SATISFY THE MINIMUM PLEADING REQUIREMENTS AND, AS SUCH, THE CLAIM MUST BE DISMISSED**

Plaintiff's original and amended Complaint center on the alleged breach of non-compete and non-solicitation provisions contained within the underlying agreement at issue. In other words, Plaintiff seeks to enforce such covenants to restrain trade and stifle competition. In doing so,

however, Plaintiff sidesteps a critical part of its claim. Specifically, in order to invoke the diversity jurisdiction of this Court, Plaintiff accurately pleads that Livness "**is a California company** with its principal place of business in **Los Angeles County**." [Dkt. No. 26, at 1] [emphasis added]. This is important, as the non-compete provision that Plaintiff seeks to enforce only encompasses activity "**within the State of Florida**." [Dkt. No. 26-1, at 7] [emphasis added]. Plaintiff glosses over this fact throughout its Amended Complaint, but there is no doubt that it is aware of this dilemma. Indeed, without any explanatory substantiation at all (*because none exists*), Plaintiff merely sprinkles a few gratuitous references to Florida within its amended complaint, namely the conclusory suggestions that Livness, (i) is presently "operating its business in the State of Florida and [is] offering services in the State of Florida," [Dkt. No. 26, at 5], (ii) is "attempting to create a competing real estate photography business in the State of Florida," [Dkt. No. 26, at ¶14], and (iii) "maintains a business address in South Florida…[and has] solicited business in the State of Florida," [Dkt. No. 26, at ¶22; *see also* ¶41]. Plaintiff stops noticeably short to delineate any "**facts**" to support these conclusory allegations, such as an identification of Livness' supposed Florida address and the nature of the alleged Florida-based activity; instead, Plaintiff merely generalizes – *in total conclusory fashion* – a supposed connection to Florida. Such pleading practice is improper, and should be rejected.

      As alluded to in the introductory section of this Motion, a complaint can only survive a motion to dismiss where a plaintiff "pleads **factual content** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added). In other words, a "complaint **must include '[f]actual allegations** [adequate] to raise a right to relief above the speculative level.'" *Stephens, Inc.*, 500 F.3d at 1282 (*quoting Twombly*, 550 U.S. at 570) (emphasis added). Thus, while "a complaint attacked by a

Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief **requires more than labels and conclusions, and a formulaic recitation** of the elements of a cause of action will not do." *Bundow v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 11335096, at *1 (M.D. Fla. Aug. 27, 2008) (quoting *Twombly*, 550 U.S. at 555) (emphasis added).

At bar, in order for Plaintiff to be entitled to *any relief* under its breach of contract count, it must **factually allege** (*and ultimately prove*) that Defendant Livness, "**a California company** with its principal place of business in **Los Angeles County**," is actually conducting business in the State of Florida. Specifically, even assuming *arguendo* that the underlying agreement is valid and enforceable, the scope of the Non-Compete clause at issue is unambiguously geographically limited to the State of Florida:

> **NON-Compete Agreement - Settling Up / Establishment of Competing Business:** Independent contractor shall not, for a period of two years from termination of the agreement, attempt to create, form, establish or incorporate, either directly as an owner, director, manager, or executive or indirectly, any form of competing real estate photography business  or real estate property website business (to be defined) within the State of Florida.

[Dkt. No. 26-1, at 7]. No doubt aware of this geographic limitation, Plaintiff alleges that Livness is operating in Florida (**which it is not**), and suggests that Livness maintains an "address" in the State (**which it does not**); but, aside from these formulaic recitations of a necessary component of Plaintiff's claim, the Amended Complaint is devoid of any factual allegations supporting these conclusory statements of intrastate activity (*as none exists*). Indeed, Plaintiff does not even identify the supposed Florida address that Defendant Livness, "**a California company** with its principal place of business in **Los Angeles County**," supposedly maintains in this state. These voids of factual assertions are important as "[c]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *American Dental Association*

*v. CIGNA Corporation*, 605 F.3d 1283, 1291 (11th Cir. 2010); *see also Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). In fact, these types of allegations are not considered when determining whether the complaint sets forth a sufficiently plausible claim to withstand a motion to dismiss. *See Iqbal*, 129 S. Ct at 1950.

Based on the foregoing, Defendants respectfully submit that Plaintiff's claim of breach of contract must be dismissed for failing to state a cause of action upon which relief may be granted.

### VII. PLAINTIFF SHOULD BE SANCTIONED FOR ITS BAD FAITH PLEADING PRACTICE THAT IS ONLY AIMED AT HARASSING DEFENDANTS IN THIS LAWSUIT

Pursuant to 28 U.S.C. §1927, a district court has the inherent power to sanction conduct of the parties or their attorneys. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991). "According to the Eleventh Circuit, '[t]he key to unlocking the inherent power of the Court is a finding of bad faith.'" *Barash v. Kates*, 585 F. Supp. 2d 1347, 1361 (S.D. Fla. 2006) (citing *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir.1998)). "Under the bad faith exception, the Court may assess attorney's fees where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id*. (citations omitted). "[T]he Eleventh Circuit has stated that bad faith may be found where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id*. (citing Barnes, 158 F.3d at 1214). This is precisely what has occurred *sub judice*.

The bad faithed nature of this lawsuit is most glaringly noticed through Plaintiff's vexatious pleading of fraud and unjust enrichment in the Amended Complaint, which is intended to circumvent Florida law in an effort to oppress and harass Defendants through this lawsuit. Indeed, Plaintiff can have no good faith basis to think that reconstructing a failed illegal liquidated damages claim into a fraud claim was grounded in good faith; nor could it have a legitimate reason to assert the newly minted unjust enrichment claims. Rather, these claims (*as well as the claim of breach*

*which has no basis in fact as Plaintiff knows full well that Defendants are not operating in the State of Florida*) are recklessly inserted into this litigation in an effort to extort and harass Defendants. As such, Defendants respectfully request that this Court invoke its inherent authority under 28 U.S.C. §1927 and sanction Plaintiff and/or its counsel for such bad faith conduct. It is requested that such sanctions include the prejudicial dismissal of this lawsuit, and remuneration of attorneys' fees, or for such other and further relief this Court deems just under the circumstances.

**WHEREFORE**, for all of the foregoing reasons, Defendants, LIV DAGMAR JOHANSEN, an individual, and LIVNESS, INC., d/b/a LIV VISUALS, a California Company (collectively "Defendants"), by and through the undersigned, respectfully request an Order be entered dismissing the First Amended Complaint filed by Plaintiff, EBBESKOV JANKOVIC, LLC, d/b/a iUSE PHOTOGRAPHY, a Florida Limited Liability Company ("Plaintiff"), and sanctioning Plaintiff and/or its counsel under 28 U.S.C. §1927 for injecting clearly frivolous claims into these proceedings, with such sanctions including, but not necessarily being limited to, the prejudicial dismissal of this lawsuit, and remuneration of attorneys' fees, or for such other and further relief this Court deems just under the circumstances.

**Dated: June 3, 2022.**

    Respectfully submitted,

    **THE CONCEPT LAW GROUP, P.A.**
    *Counsel for Defendants*
    6400 North Andrews Avenue, Suite 500
    Fort Lauderdale, Florida 33309
    (t) : 754-300-1500
    (f) : 754-300-1501

    By:   */s/ Alexander D. Brown*
          Alexander D. Brown (FBN: 752665)
          Email: Abrown@conceptlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, on June 3, 2022, which will send a notice of electronic filing to all attorneys of record as per the below Service List.

By: */s/ Alexander D. Brown*
Alexander D. Brown (FBN: 752665)
E-mail: Abrown@conceptlaw.com

## SERVICE LIST

John P. Hess, Esq.
John P. Hess, P.A.
515 North Flagler, P 300
West Palm Beach, Florida 33401
(t): 305-310-0904
(e): jhess@johnphess.com
*Counsel for Plaintiff*